# In the United States Court of Federal Claims

No. 19-1136C
(Filed: October 15, 2019)

| | | |
|---|---|---|
| RETENICK FAUSTEN, | ) ) ) | Pro Se Prisoner; Failure to Prosecute; RCFC 41 |
| Pro Se Plaintiff, | ) ) | |
| v. | ) ) | |
| THE UNITED STATES, | ) ) | |
| Defendant. | ) ) | |

## ORDER

On September 9, 2019, the court issued an order (Docket No. 5, attached) directing plaintiff to either pay the filing fee or request to proceed *in forma pauperis* and submit Prisoner Authorization Forms by October 9, 2019 in order to proceed with his case, and that failure to pay the fee or submit the application and forms would result in the dismissal of his case for failure to prosecute under Rule 41(b) of the Rules of the United States Court of Federal Claims ("RCFC").

A review of court records indicates that plaintiff has not paid the filing fee or submitted the *in forma pauperis* application and Prisoner Authorization Forms. Accordingly, the above-captioned case is **DISMISSED** without prejudice under RCFC 41(b) for failure to prosecute.

**IT IS SO ORDERED.**

/s/ Nancy B. Firestone
NANCY B. FIRESTONE
Senior Judge

# 𝔍𝔫 𝔱𝔥𝔢 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 ℭ𝔬𝔲𝔯𝔱 𝔬𝔣 𝔉𝔢𝔡𝔢𝔯𝔞𝔩 ℭ𝔩𝔞𝔦𝔪𝔰

No. 19-1136C
(Filed: September 9, 2019)

| | |
|---|---|
| RETENICK FAUSTEN, ) | |
| ) | Pro Se Prisoner; Filing Fee |
| *Pro Se* Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

**ORDER DIRECTING PAYMENT OF FEE OR FILING OF IFP APPLICATION AND PRISONER AUTHORIZATION**

Plaintiff, Retenick Fausten, who is incarcerated at South Florida Reception Center has filed pro se this civil action against the United States of America. Mr. Fausten does not appear to have an actionable claim against the United States, but instead, seems to be challenging the actions of BellSouth Telecommunications, LLC ("AT&T"). Nonetheless, to proceed with a civil action in this court, a prisoner must either pay $400.00 in fees—a $350.00 filing fee plus a $50.00 administrative fee—or request authorization to proceed without prepayment of fees by submitting an application to proceed in forma pauperis ("IFP") and Prisoner Authorization Form. *See* 28 U.S.C. §§ 1914, 1915.

Pursuant to 28 U.S.C. § 1915(b)(1), if the court grants a prisoner's IFP application, the prisoner is still required to pay the full $350.00 filing fee in this civil action.[1] *See Skinner v. Switzer*, 562 U.S. 521, 535 (2011) (28 U.S.C. § 1915(b)(1) requires any prisoner proceeding IFP to pay the full filing fee out of percentage of prisoner's prison trust account). If granted leave to proceed IFP, plaintiff is entitled to pay the filing fee over time through the payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and/or through periodic payments from the plaintiff's inmate trust account as authorized in 28 U.S.C. § 1915(b)(2). The court is also required by the statute to assess and, when funds exist, collect an initial partial filing fee of twenty

---

[1] The $50.00 administrative fee for filing a civil action does not apply to prisoners granted IFP status under 28 U.S.C. § 1915.

percent of the greater of the average monthly deposits or the average monthly balance in the prisoner's trust account for the six months immediately preceding the date of the filing of the civil action.

Mr. Fausten submitted the instant complaint without the required fees or a completed IFP application and Prisoner Authorization Form. Within thirty (30) days of the date of this order, Mr. Fausten is **ORDERED** to either pay the $400.00 in required fees or submit the enclosed IFP application and Prisoner Authorization Forms.[2]

If plaintiff fails to comply with this order within thirty (30) days, this action will be dismissed without prejudice for failure to prosecute under Rule 41 of Rules of the United States Court of Federal Claims. Accordingly, if Mr. Fausten wishes to pursue his claims in this court, he must pay the court's filing fee by **Wednesday, October 9, 2019**. See Rule 41, Rules of the United States Court of Federal Claims.

**IT IS SO ORDERED.**

NANCY B. FIRESTONE
Senior Judge

---

[2] Plaintiff is cautioned that if a prisoner files an action that is dismissed as frivolous or for failing to state a claim, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" can no longer proceed IFP and must pay the filing fee at the time of filing any new action. See 28 U.S.C. § 1915(g).